UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. VALENCIA,<br><br>Defendant. | No. 1:24-cr-00190-KES-BAM-1<br><br>No. 6:24-mj-00014-HBK-1<br><br>ORDER RE COMPETENCY<br><br>(Doc. 29) |

    Defendant Michael A. Valencia was charged by indictment on August 1, 2024, with assault on a federal officer with bodily injury, in violation of 18 U.S.C. § 111(a)(1) and (b). Doc. 10.  On Sept. 26, 2024, the parties filed a stipulation in Case No. 1:24-cr-0081 agreeing that, based upon the psychiatric examination and report of Dr. A.A. Howsepian, "it appears pursuant to 18 U.S.C. § 4241(d) that there is reasonable cause to believe that Mr. Valencia is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Doc. 29.  The parties request that the court commit the defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1). *Id.*

    The Court held a status conference with the parties on October 7, 2024, and a further hearing on October 28, 2024.  The Court has also reviewed the report of Dr. Howsepian, which

1

the defense filed under seal. Doc. 30. The Court finds by a preponderance of the evidence that defendant is presently incompetent to stand trial, and defendant shall be committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4241(d).

"[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'" *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (citing *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam), and *Drope v. Missouri*, 420 U.S. 162 (1975)). At all times before conviction, a defendant must have "a rational as well as factual understanding of the proceedings against him" and "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Id*. (internal quotation marks and emphasis omitted). "A defendant that 'lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *United States v*. Garza, 751 F.3d 1130, 1134 (9th Cir. 2014). In determining competency, the court may consider the defendant's behavior and demeanor in the courtroom in addition to any medical opinion on his competence. *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004). The government has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to stand trial. *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1992). The government has stipulated that defendant Valencia is presently incompetent to stand trial.

The parties have also stipulated to the information set forth in Dr. Howsepian's report (Doc. 30). Dr. Howsepian identifies defendant's primary psychiatric disorder as "Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, Likely Schizophrenia." *Id.* at 6. He also identifies defendant as having as a secondary psychiatric disorder, by history, "Substance Abuse Disorder." *Id.* Dr. Howsepian finds that defendant's "serious, psychotic mental disorder, likely Schizophrenia, . . . renders him *both* unable to understand the nature and consequences of the proceedings against him *and* unable to assist his counsel properly in his defense." *Id.* at 7 (emphasis in original). Defendant's "symptoms appear continuous with his symptoms at the time of his arrest and are consistent with someone with a history of chronic severe mental illness." *Id.* at 10. Dr. Howsepian concludes that treatment with antipsychotic medications in a controlled setting in a facility likely will restore defendant to competency. He recommends that defendant

"be remanded to a facility in which he can be adequately treated with antipsychotic medications, the treatment of which *would* be expected to restore him to competency." *Id.* (emphasis in original).

Accordingly, the Court finds by a preponderance of the evidence that defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and ORDERS:

(1) Defendant is to be committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d). The Attorney General shall hospitalize defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit this criminal proceeding to go forward, and, if appropriate, to undergo competency restoration treatment, which may include, as necessary, individual therapy.

(2) By the end of the four-month period, unless that period is extended by further order of the Court, the director of the facility shall certify whether the defendant's mental condition has attained the capacity to permit the trial to proceed or whether the defendant's mental condition has not so improved as to permit the proceedings to go forward. By the same deadline, the mental health professionals acting on behalf of the Attorney General shall prepare a report of their examination of defendant and of his competency status, and this report shall be filed with the Court, with copies to counsel for defendant and the government. The Court will subsequently hold a hearing pursuant to 18 U.S.C. § 4247(d).

(3) The United States Marshals Service shall arrange for the transportation of defendant at the government's expense to and from the facility designated by the BOP and such transportation shall be carried out in a way that avoids unreasonable delays.

(4) Defendant shall cooperate with the persons performing this examination and competency restoration treatment.

(5) Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(4), the period of delay resulting from the commitment period and other proceedings related to defendant's mental competency, including any time leading up to and including the Court's hearing concerning defendant's competency following examination, shall be excluded in the computation of time under the Speedy Trial Act, 18 U.S.C. § 3161.

IT IS SO ORDERED.

Dated:   October 28, 2024

UNITED STATES DISTRICT JUDGE